# United States District Court

## District of Massachusetts – Worcester Session

---

Paul C. Nordberg, Plaintiff (**Pro-se**)  )
)  Case No. **19-40089**
-v-  )
)
)
The Massachusetts Teachers'  )  **Jury Trial Requested** on all
Retirement System  )  issues of fact
)

---

# COMPLAINT

FILED IN CLERKS OFFICE  2019 JUL -8  U.S. DISTRICT COURT  DISTRICT OF MASS.

**The Parties to this complaint:**

**A. The Plaintiff:**
Paul C. Nordberg ("I")
3 Overhill Drive
Auburn, MA 01501-2406
Tel: (508) 832-6443
Email: Pauldeblee@aol.com

**B. The Defendant:**
The Massachusetts Teachers' Retirement System ("MTRS")
Suite 210
500 Rutherford Avenue
Charlestown, MA 02109
Tel: (617) 679-6877

The MTRS is a public agency of the Commonwealth of Massachusetts. It administers the pension plan for a large portion of the public-school teachers in the Commonwealth.

**Basis of Jurisdiction:**

    A. This litigation involves the interpretation of and the application of a federal statute: **The Age Discrimination in Employment Act of 1967 (29 U.S.C. §521-534). ("ADEA")**

    B. This litigation also involves the interpretation of and the application of a statute of the Commonwealth of Massachusetts, **MGL Chapter 151B**, which is an anti-discrimination law. Because Massachusetts Courts apply federal case law construing federal antidiscrimination statutes in interpreting Massachusetts anti-discrimination statutes (*See* Svennson v. Putnam Investments, LLC; 558 F. Supp. 2d 136), it is appropriate for this Court to employ its concurrent jurisdiction authority to apply both state and federal law to the fact of this litigation.

    C. In the Spring of 2019, I provided the United States Equal Opportunity Commission ("EEOC") and the Massachusetts Commission Against Discrimination ("MCAD") copies of the same complaint, in which I assert age-related discrimination in connection with my pension rights and benefits with the Massachusetts Teachers' Retirement System.

    D. The MCAD informed me that the EEOC and the MCAD have arrangements and understandings under which one of them does the investigation when a claim asserts violation of both state and federal law. They informed me that the EEOC would be processing my complaint.

    E. **ADEA** dictates that a person who believes he/she has been the discriminated against based on his/her age cannot file a law suit until sixty (60) days after he/she has filed a complaint alleging age discrimination with the United States' Equal Employment Opportunity Commission ("EEOC"). I filed identical complaints with both the EEOC and the Massachusetts Commission Against Discrimination ("MCAD") in March of 2019, alleging age discrimination on the part of the MTRS. On April 17, 2019 I received a notice from EEOC that the EEOC was closing my case on the basis

Page | 2

that the EEOC perceived no violations of law from the content of my complaint.

**F.** More than sixty (60) days have passed since I filed my complaint with the EEOC.

Page | 3

**Venue:** I am a long-time resident of Auburn, Massachusetts. The Worcester Session of the United States District Court for the District of Massachusetts is the proper venue for this litigation

## Statement of Claim:

1. I was born on April 23, 1946; I am currently seventy-three (73) years old.
2. In this law suit I seek relief from the damages I currently suffer in the nature of age discrimination related to my pension rights with the MTRS.
3. Both 29 U.S.C. § 521-634 and MGL Chapter 151B require that a person claiming to be the victim of age discrimination be at least forty (40) years old.
4. My specific claim is to the effect that the MTRS systematically discriminates against any teacher who works beyond his or her 65th birthday.
5. I have been a teacher, paying 11% of my gross salary to the MTRS, as my pension contributions, for fifteen (15) years.
6. Belonging to and contributing to the MTRS is a condition of my employment.
7. The MTRS's system uses a methodology in calculating pension benefits the clearly discriminates against any teacher who works beyond his/her 65th birthday.
8. I call the Court's attention to the three (3) attachments to this complaint:
    - **Attachment A** describes and explains how the MTRS Pension Calculation Formula, treats retirees better for each year they work beyond age fifty (50) – but only up to age sixty (65);

- **Attachment B** describes and explains why and how a teacher who retires at age 74, and who lives an actuarially average life span, is ultimately paid less than ½ (less than 50%) of the total pension payments received by another teacher – whose years of employment, salary levels, and contributions to the MTRS were identical to the person who retired at age seventy-four (74), but who retired at age sixty-five (65).

Page | 4

- **Attachment C** describes:
    - **(i)** my personal circumstances (years of contribution to MTRS, salary, etc.) and estimates my pension benefits if I were to retire on April 23, 2019 – my 74th birthday. It then conservatively estimates the reserve needed to support my pension, and the portion of that reserve that would be made up of the contributions I have made to the MTRS
    - **(ii)** the Attachment then estimates the reserve needed to support the pension of a hypothetical male teacher whose MTRS experience (years worked, salary earned, contributions into the MTRS) were identical to mine, but who retires on his sixty-fifth (65th) Birthday.

9. As detailed in the Attachments, the MTRS would need to establish a reserve for my pension which would be less than ½ (less than 50%) of the reserve needed to support the hypothetical teacher, with identical earnings, contributions to the MRTS, and years of service as me, who retired at age sixty-five (65).

10. Attachment C also estimates and explains why the cost to the taxpayers of my pension would be only 35% of what the taxpayers would need to provide to support the pension of a male teacher whose employment was identical to mine, but who retired at age sixty (65).

11. The purview of 29 U.S.C. Section 630 specifically includes:

- state(s) and/or any agency and/or instrumentality of any state,
- political subdivisions of any state and
- interstate agencies

12. The Commonwealth of Massachusetts at MGL Chapter 151 §1 (5) has waived any potential defense of sovereign immunity in connection with discrimination litigation against it or any of its political subdivisions, agencies, etc.

13. As the United States Supreme Court decided in the case of <u>KENTUCKY RETIREMENT SYSTEMS, ET AL -v- Equal Employment Opportunity Commission; 128 S.Ct 2361 (2008)</u>:

- When an employer *"...discriminate[s] against any individual with respect to his compensation, terms, conditions, or privileges of employment **because of such individual's age*** (emphasis in the Supreme Court's decision) ..." it violates 29 U.S.C. §623 (a) (i).
- *"...a plaintiff, to state a disparate-treatment claim under the ADEA, must adduce sufficient evidence to show that the differential treatment was 'actually motivated by age'."* On the record here there can be no question that this test is met in my Complaint.

14. The Age Discrimination Act in Employment of 1967 (29 U.S.C. §621-634) provides at §623 (f)(2)(B) that a pension plan, to comply with the law, must incur a cost at least equal, for an older employee, than would be the case for another employee whose circumstances were identical except for age. As shown on Attachments, A, B, and C, to this complaint the MTRS pension calculation formula discriminates against a would-be retiree age seventy-four (74) to the degree that the costs to the taxpayer of the pension of a seventy-four (74) year-old retiree's pension would be only 35% % of the costs of the pension of another retiring male teacher – who circumstances (years of coverage by the MTRS; salary earned; contributions into the MTRS) are identical to the seventy-four

Paul C. Nordberg -v- The Massachusetts Teacher's Retirement System
COMPAINT – United States District Court (D. – MA; Worcester Session)

Page | 5

(74) year old's, except that the second teacher is retiring at age sixty-five (65).

15. 29 U.S.C. §623 (10) A (iv) explains what an accrued pension benefit is:

Page | 6

> **(iii)** *Accrued Benefit – for purpose of this subparagraph, the accrued benefit may, under the terms of the plan, be expressed as an annuity payable at normal retirement age, the balance of a hypothetical account, or the current value of the accumulated percentage of the employee's final average compensation.*

Given that we are not analyzing whether I find myself discriminated against when I retire a "normal retirement age" (which I did not do) we must look to the 2nd and 3rd options. These each verbalize the concept of a reserve needed to support the retiree's pension. Such reserves are, as a universal norm, calculated based on well-documented and accepted mortality tables to estimate that average remaining life span during which the retiree will be paid the pension.

16. Massachusetts General Law Chapter 151B §9 provides the right to either party (the complainant or the respondent) in connection with a discrimination complaint to file a lawsuit in connection with the dispute. It also provides that either party in such a lawsuit has a right to a trial by jury on all issues of fact, regardless of whether equitable relief is sought by a party to such action.

## RELIEF SOUGHT

**Wherefor I respectfully request** that this Court grant me the relief requested below:

1. That this Court enter a Final Judgment stating that the current pension benefit calculation mechanism used by the MTRS violates both 29 U.S.C. §521-534 and Massachusetts General Law Chapter 151B.
2. That this Court enter its order to the effect that, at the time of my retirement, my pension benefit be calculated to be the amount of monthly or annual payment(s) that would require (to fully fund/reserve against such pension) the establishment of an actuarially sound reserve identical to the reserve needed to fully fund with an actuarially-sound reserve a pension given to a person on the same date as my pension is awarded, such person's relevant circumstances as to the qualification for and amount of his pension being identical to mine - except that such person is retiring on his 65th birthday.
3. ***Quantum meruit:*** If I prevail in this lawsuit and this Court ultimately shares my view that there is/are no obvious, rational reason(s) why my complaints were so quickly and summarily dismissed by EEOC and MCAD, I request that I be awarded a payment based on the concept of ***quantum meruit.***

    While, as a non-lawyer, I can only proceed for myself in this ***pro-se*** action, if I prevail in it, it will almost surely result in a requirement that the MTRS alter its pension benefit formula in a manner that ends financial discrimination against teachers who belong to the MTRS and who work beyond their 65th birthday(s). Although I do not know precisely how many such over-age-65 teachers are still working in the MTRSA system, there seems little doubt that the gross amount of increased pension benefits to the group of over-age-65 teachers would be in the millions of dollars. If I prevail in this lawsuit, and ultimately live something approximating my actuarially expected lifetime, I will receive more than $175,000 in pension payments above what I would receive if that current MTRS pension benefit calculation formula is declared to be legal.

Page | 7

Paul C. Nordberg -v- The Massachusetts Teacher's Retirement System
COMPAINT – United States District Court (D. – MA; Worcester Session)

The EEOC and MCAD have declined to proceed on this matter. If I prevail, I suggest to this court that I shall, in essence, have done the work of the EEOC and the MCAD, for the benefit of all teachers who both: (1) belong to and contribute to the MTRS, and (2) have worked beyond their 65th birthday(s).

Page | 8

I suggest a *quantum meruit* award of $300,000.00

4. That this Court grant any other relief that this Court determines to be fair and equitable in the circumstances present in this lawsuit.

Respectfully submitted,

By _____

Paul C. Nordberg, Plaintiff *Pro-se*
3 Overhill Drive
Auburn, MA 01501-2406
Tel: (508) 832-6443
Email: Pauldeblee@aol.com

Date: Sunday, July 7, 2019